Rebecca J. Hozubin, Esq.
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 - Telephone
907-276-5291 - Facsimile
rebecca@akdefenselaw.com
Alaska Bar No. 9806016

*Attorneys for Great Divide Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE COMPANY,      )
a North Dakota Corporation,          )
                                     )
              Plaintiff,             )
                                     )
v.                                   )
                                     )
SOUND DEVELOPMENT LLC,               )
JEREMY TWADDLE, DIANA TWADDLE,       )
TODD FLEMING, BRANDI FLEMING,        )
CHRISTINE MCGRAW, ANDREW FRISKE,     )
REBECCA FRISKE, KORI LINDSTROM,      )
GUILLERMO DIAZ, GUADALUPE DIAZ,      )
KORI LINDSTROM, as personal representative )
of the ESTATE OF ELMER DIAZ,         )
KORI LINDSTROM, as personal representative )
of the ESTATE OF ULISES DIAZ, and    )
CITY AND BOROUGH OF SITKA,           )
                                     )
              Defendants.            )   Case No. 3:17-cv-00103-TMB
_____)


**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §§ 2201 & 2202)**

## Complaint for Declaratory Relief

GREAT DIVIDE INSURANCE COMPANY ("Great Divide"), by and through its counsel of record, Hozubin, Moberly, Lynch & Associates, hereby asserts its *Complaint for Declaratory Relief* as follows:

### Parties

#### I

Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona. Great Divide issued policy number GC954947 naming Sound Development LLC ("Sound Development") as the named insured, with a policy term of September 19, 2013 to September 19, 2014. Sound Development timely renewed the policy as GC954947-01, with a policy term of September 19, 2014 to September 19, 2015, and again as GC954947-02, with a policy term of September 19, 2015 to September 19, 2016.

#### II

Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

#### III

Defendant Sound Development LLC is a limited liability company organized under the State of Alaska with its entity address at P.O. Box 1401, Sitka, Alaska, 99835-

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 2

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 2 of 23

1401.  Sound Development LLC operates a real estate development/subdivision business in Sitka, Alaska.

## IV

Defendant Jeremy Twaddle is a member of Sound Development LLC.  He owns twenty-five (25) percent of the business and resides at P.O. Box 1401, Sitka, Alaska, 99835.

## V

Defendant Diana Twaddle is a member of Sound Development LLC.  She owns twenty-five (25) percent of the business and resides at P.O. Box 1401, Sitka, Alaska, 99835.

## VI

Defendant Todd Fleming is a member of Sound Development LLC.  He owns twenty-five (25) percent of the business and resides at 1107 Edgecumbe Drive, Sitka, Alaska, 99835.

## VII

Defendant Brandi Fleming is a member of Sound Development LLC.  She owns twenty-five (25) percent of the business and resides at 1107 Edgecumbe Drive, Sitka, Alaska, 99835.

## VIII

Defendant Sound Development LLC is listed as the defendant in the underlying litigation concerning three consolidated lawsuits, as identified below.

Defendant Christine McGraw ("McGraw") is a resident of the State of Alaska. McGraw is a named plaintiff in the underlying consolidated litigation titled *McGraw v. Sound Development*, Case No. 1SI-15-00269CI.

Defendants Andrew Friske and Rebecca Friske ("the Friskes"), who are married, are residents of the State of Alaska. The Friskes filed the underlying litigation titled *Friske v. Sound Development*, Case No. 1SI-16-00144CI, consolidated with *McGraw v. Sound Development*, Case No. 1SI-15-00269CI on June 7, 2017.

The following defendants are residents of the State of Alaska: Kori Lindstrom, Guillermo Diaz, and Guadalupe Diaz. Kori Lindstrom is the personal representative, or will apply to be the personal representative, of Defendant Estate of Elmer Diaz and Defendant Estate of Ulises Diaz. Upon information and belief, both estates were formed under the laws of the State of Alaska. Collectively, these defendants will be referred to hereinafter as the "Diaz defendants." The Diaz defendants are the named plaintiffs in the following case: *Estate of Ulises Diaz, by and through personal representative Kori Lindstrom; Estate of Elmer Diaz, by and through personal representative Kori Lindstrom; Kori Lindstrom, individually; Guillermo Diaz; Guadalupe Diaz v. Sound Development, LLC*, Case No. 1SI-16-00143CI, consolidated with *McGraw v. Sound Development*, Case No. 1SI-15-00269CI on June 8, 2017.

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 4

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 4 of 23

XII

Defendant City and Borough of Sitka ("Sitka") is an Alaska city and borough. Defendant Sitka is a named defendant in Case Nos. 1SI-16-00143CI and 1SI-16-00144CI.

## Jurisdiction and Venue

XIII

This is an action for declaratory relief under 28 U.S.C. § 2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. § 2202.

XIV

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Great Divide being considered a resident of the State of North Dakota and all of the defendants being considered residents of Alaska. No defendant is a resident of North Dakota.

XV

In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the accident occurred in this district, the insured is a resident of this district, and the wrongful death litigation, which gives rise to this declaratory judgment action, was filed by the plaintiffs in this district.

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 5

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 5 of 23

## Allegations in Support of Declaratory Relief

### XVI

Sound Development LLC recorded a plat for North Woodbury Subdivision ("Woodbury") with the City & Borough of Sitka on March 20, 2014. The State of Alaska Recorder's Office identifies this plat as Plat 2014-2. The plat notes for Plat 2014-2 state the plat has the purpose to subdivide tract A-13 of the Whitcomb Heights Subdivision into four new lots.

### XVII

McGraw entered an agreement with Sound Development on or about July 28, 2014 to purchase Lot 1 of the North Woodbury Subdivision Sound Development developed ("Lot 1"). Sound Development granted McGraw an AS 34.15.040 quitclaim deed on September 5, 2014. McGraw recorded the deed with the State of Alaska's Recorder's Office in the Sitka recording district that same day. The legal description of the property McGraw purchased is as follows:

> Lot 1, North Woodbury Subdivision, according to Plat No. 2014-2, Sitka Recording District, First Judicial District, State of Alaska.

### XVIII

After purchasing the lot, McGraw hired a construction company to build a residential house on the lot.

/

/

## XIX

A landslide struck McGraw's substantially completed house and property on or about August 18, 2015, killing Elmer Diaz, Ulises Diaz, and William Stortz. Elmer and Ulises Diaz were painting contractors and, at the time the landslide struck, they were working inside McGraw's house. William Stortz was a Sitka city building official who was inspecting newly-built drainage systems in the area at the time the landslide occurred.

## XX

McGraw filed a Complaint against Sound Development LLC in Alaska Superior Court, First Judicial District at Sitka, Case No. 1SI-15-00269CI, on December 4, 2015. McGraw alleged that Sound Development LLC failed to adequately perform tests on the location of Woodbury. She also alleged that Sound Development failed to adequately warn potential buyers of the condition of the land. As a result, McGraw alleged she suffered damages, including the loss of her substantially completed home and the destruction of her property. McGraw specifically alleged the following:

1) That Sound Development breached Alaska's Uniform Land Sales Practices Act (AS 34.055.004 et al.) because it did not disclose conditions of the property that were known to it or would have been known to it through reasonable care, failed to make a public offering statement disclosing the physical characteristics of the land, and failed to comply the Uniform Land Sales Act by engaging in fraud and failing to disclose material facts in order to induce McGraw to purchase the property;

2) That Sound Development breached its contract with McGraw by failing to disclose the true condition of the property and its

unsuitability for maintaining structures, including residential homes, due to the likelihood of landslides; and

3) That Sound Development, in order to induce McGraw into purchasing the property, committed fraud by failing to disclose the property's true nature by making fraudulent statements or omitting statements of material fact.

## XXI

McGraw seeks an award of compensatory damages in an amount exceeding $100,000, in addition to costs, interest, and attorney's fees.

## XXII

The Friskes entered into an agreement with Sound Development LLC on or about February 25, 2014 to purchase Lot 4 of the North Woodbury Subdivision ("Lot 4"). Sound Development LLC granted the Friskes an AS 34.15.030 warranty deed on August 7, 2014. The Friskes recorded the deed on or about August 14, 2014. The legal description of the property the Friskes purchased is as follows:

Lot 4, North Woodbury Subdivision, according to Plat 2014-2 and recorded in the Sitka Recording District, First Judicial District, State of Alaska.

## XXIII

After purchasing the lot, the Friskes hired a construction company to build a residential duplex on the lot. The August 18, 2014 landslide struck the Friskes' substantially completed duplex.

/

/

XXIV

The Friskes filed a Complaint against Sound Development and Sitka on August 25, 2016, in Alaska Superior Court, First Judicial District at Sitka, Case No. 1SI-16-00144CI. Based on the same theories advanced in McGraw's lawsuit against Sound Development LLC, the Friskes allege that Sound Development and/or Sitka were reckless and/or negligent (Count I); that Sound Development and/or Sitka breached the Uniform Land Sales Practices Act (Count II); that Sound Development breached its contract with the Friskes (Count III); that Sound Development and/or Sitka committed fraud (Count IV); and that Sitka had municipal liability for non-discretionary acts (Count V).

XXV

The Friskes seek an award of compensatory damages exceeding $100,000 and punitive damages exceeding $100,000, in addition to costs, interest, and attorney's fees.

XXVI

The Diaz defendants filed a Complaint against Sound Development LLC and Sitka on August 25, 2016, in Alaska Superior Court, First Judicial District at Sitka, Case No. 1SI-16-00143CI. Based on the same theories advanced in McGraw's lawsuit against Sound Development, the Diaz defendants alleged that Sound Development and/or Sitka were reckless and/or negligent (Count I); and that Sitka had municipal liability for non-discretionary acts (Count II).

/

/

## XXVII

The Diaz defendants seek an award of compensatory damages exceeding $100,000 and punitive damages exceeding $100,000, in addition to costs, interest, and attorney's fees.

## XXVIII

Neither Sound Development LLC nor any of its member-owners have insurance coverage for defense of indemnification under the terms and conditions of Great Divide insurance policy GC954947 or its renewals GC954947-01 or GC954947-02.

## XXIX

Insurance policy GC954947-01, the first renewed policy with a policy term of September 19, 2014 to September 19, 2015, was the policy in force at the time of the landslide on August 18, 2015. In pertinent part, the policy provides as follows:

/

/

/

/        [This section intentionally left blank.]

/

/

/

/

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

POLICY NUMBER: **GC954947-01**

☐ Extension of Declarations is attached.          Effective Date: 09/19/2014   12:01 A.M. Standard Time

| LIMITS OF INSURANCE | ☐ If box is checked, refer to form **S132** Amendment of Limits of Insurance. |
|---|---|

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products/ Completed Operations) | $ 2,000,000 | |
| Products/ Completed Operations Aggregate Limit | $ 2,000,000 | |
| Personal and Advertising Injury Limit | $ 1,000,000 | Any One Person Or Organization |
| Each Occurrence Limit | $ 1,000,000 | |
| Damage To Premises Rented To You Limit | $ 100,000 | Any One Premises |
| Medical Expense Limit | $ 5,000 | Any One Person |

**RETROACTIVE DATE (CG 00 02 ONLY)**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" which occurs before the Retroactive Date, if any, shown here: _____ (Enter Date or "NONE" if no Retroactive Date applies)

**BUSINESS DESCRIPTION AND LOCATION OF PREMISES**

BUSINESS DESCRIPTION: Real Estate Development
LOCATION OF ALL PREMISES YOU OWN, RENT, OR OCCUPY:          ☐ Location address is same as mailing address.
  1. Parcels A, B, C, D Whitcomb Heights S/D
     Sitka                     AK 99835-
  2.
  Additional locations (if any) will be shown on form **S170**, Commercial General Liability Coverage Part Declarations Extension.
LOCATION OF JOB SITE  (If Designated Projects are to be Scheduled):
                                                                                  -
                                                                                  -

| CODE# - | CLASSIFICATION | * | PREMIUM BASIS | RATE Prem/ Ops | RATE Prod/ Comp Ops | ADVANCE PREMIUM |
|---|---|---|---|---|---|---|
| 47051 - | Real Estate Development Property Rate is Each Acre - Products/ Completed Operations are subject to the General Aggregate limit | T | 20 | 5.761 | INCLUDED | 500 MP INCLUDED |
| 91501 - | Contractors - subcontracted work - in connection with construction, reconstruction, erection or repair - not buildings NOC - Products/ Completed Operations are subject to the General Aggregate limit | C | 100,000 | .429 | 1.701 | INCLUDED INCLUDED |

| | |
|---|---|
| * **PREMIUM BASIS SYMBOLS** | **+** = Products/ Completed Operations are subject to the General Aggregate Limit |

**a** = Area  (per 1,000 sq. ft. of area)     **o** = Total Operating Expenditures              **s** = Gross Sales  (per $1,000 of Gross Sales)
**c** = Total Cost  (per $1,000 of Total Cost)         (per $1,000 Total Operating Expenditures)   **t** = See Classification
**m** = Admissions  (per 1,000 Admissions)   **p** = Payroll  (per $1,000 of Payroll)        **u** = Units  (per unit)

| | | |
|---|---|---|
| | PREMIUM FOR THIS COVERAGE PART    $ | 500 MP |

**FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in the policy)

Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue:
**Refer to Schedule of Forms and Endorsements**

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

S150 (07/ 09)

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 11

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 11 of 23

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

    1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

    2)    The "bodily injury" or "property damage" occurs during the policy period; . . . .

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 12

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 12 of 23

* * * *

**2. Exclusions**

This insurance does not apply to:

* * * *

**j. Damage To Property**

"Property damage" to:

* * * *

(2)   Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises.

* * * *

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * * *

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you. Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \* \*

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a**. Insureds;

**b**. Claims made or "suits" brought; or

**c**. Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

**a**. Medical expenses under Coverage **C**;

**b**. Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard; and

**c**. Damages under Coverage **B**.

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 14

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 14 of 23

**3**. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

* * * *

**5**. Subject to **2**. or **3**. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a**. Damages under Coverage **A**; and

    **b**. Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

* * * *

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations. . . .

* * * *

**SECTION V – Definitions**:

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * *

16. "Products-completed operations hazard".

    a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

* * * *

        (2) Work that has not yet been completed or abandoned. . . .

* * * *

    b.  Does not include "bodily injury" or "property damage" arising out of:

        (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

* * * *

**17**. "Property damage" means:

    a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

* * * *

**21**. "Your product":

a. Means:

    (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        a.   You

                * * * *

        b.   Includes

            (1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

            (2)  The providing of or failure to provide warnings or instructions.

                * * * *

**22**. "Your work":

a. Means:

    (1)     Work or operations performed by you or on your behalf; and

    (2)     Materials, parts or equipment furnished in connection with such work or operations.

b. Includes

    (1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2)     The providing of or failure to provide warnings or instructions.

Endorsement S092 (04/99) provides as follows:

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 17

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 17 of 23

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE    READ IT CAREFULLY

**LIMITATION OF COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Operations:

Sound Development LLC

Premises / Project:

Parcels A/B/C/D Whitcomb Heights Subdivision, Sitka, AK 99635

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:

(1) Operations designated in the Schedule, and/or
(2) The premises / project shown in the Schedule.

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any operations other than those designated in the Schedule.

All other Terms and Conditions of this insurance remain unchanged.

XXX

Sound Development LLC's Commercial Liability Coverage Part Declarations for

Policy Number GC954947 lists the premises described on the above Endorsement S092

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 18

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 18 of 23

(04/99) as Location #1.  Policy Number GC954947-01 had the same location description when it became effective on September 19, 2014.

## XXXI

Ms. Sarah Newhouse of Venneberg Insurance Agency, Sound Development LLC's insurance broker, emailed The Insurance Center, the General Agent for Great Divide, on April 8, 2015, seeking a change in Sound Development LLC's coverage.  The email read as follows: "effective 4/8/2015 . . . please remove lots A & B from the location schedules and reduce the number of acres rated on the GL coverage to 16.5.  The insured has sold these lots."

## XXXII

Pursuant to Ms. Newhouse's request, Great Divide issued Endorsement #01 to Policy Number GC954947-01.  Endorsement #01 had an effective date of April 8, 2015 and stated the following regarding Location # 01:  "Premises Location:  Parcels C & D Whitcomb Heights S/D, Sitka, AK 99835. . . .  Is corrected or changed to read as follows: In consideration of the premium charged, it is hereby understood and agreed that form S150 is revised to amend Premises Location as shown above and amend premium for class 47051 to 17."  The premium had formerly been 20.

## XXXIII

Sound Development LLC made this change in its Great Divide insurance policy due to the sale of Parcels A and B.

## XXXIV

The real property McGraw purchased from Sound Development LLC falls within either Parcel A or Parcel B, both of which Sound Development sold.

The real property the Friskes purchased from Sound Development LLC fell within either Parcel A or Parcel B, both of which Sound Development sold.

## XXXV

Under Alaska law, coverage for occurrence insurance policies is based on accidents that happen while the policy is in force.

## XXXVI

All claims sought in the underlying lawsuits arising from McGraw's and the Friskes' purchase of real property from Sound Development LLC are excluded from coverage for both defense and indemnification under Great Divide insurance policy number GC954947, GC954947-01, and GC954947-02 because the coverage afforded by the policy was limited to only those premises or operations shown in the Schedule, and because parcels A and B were no longer insured on the policy as of the date of the August 18, 2015 landslide.

## XXXVII

A real and substantial controversy exists as to whether Great Divide has a duty to defend and/or indemnify Sound Development and its member-owners against those claims asserted in the underlying Complaints.

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 20

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 20 of 23

The matter in controversy exceeds the sum of $75,000 exclusive of costs, interest, and attorney fees.

## Prayer for Relief

Having set forth its *Complaint for Declaratory Relief*, Great Divide prays for judgment as follows:

1) For a declaratory judgment determining that the Great Divide insurance policy numbers GC954947, GC954947-01, and GC954947-02 do not provide coverage for Sound Development LLC and/or its member-owners with regard to defense and/or indemnification as to any or all claims asserted by the plaintiffs in the underlying actions arising from the August 18, 2015 landslide.

2) That McGraw, the Friskes, and the Diaz defendants, the plaintiffs in the underlying actions, Sitka, a defendant in two of the underlying actions, and Sound Development LLC and its member-owners, all of whom are named as parties herein, and any or all of their successors, heirs, and assigns are enjoined from attempting to enforce the defense and/or indemnity provisions contained in the Great Divide insurance policy numbers GC954947, GC954947-01, and GC954947-02.

3) That McGraw, the Friskes, and the Diaz defendants, the plaintiffs in the underlying actions, Sitka, a defendant in two of the underlying actions, Sound Development LLC and its member-owners, all of whom are named as parties herein, are enjoined from assigning, conveying, or transferring, or obtaining by assignment or otherwise the ability to assert any claims against Great Divide, its agents, employees, successors, and assigns for damages, direct or consequential, arising from Great Divide's actions with regard to the defense and/or indemnity provisions of insurance policy numbers GC954947, GC954947-01, and GC954947-02.

4) That Great Divide be awarded such additional and further relief as the facts and the law warrant.

DATED this 30th day of June 2017.

HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
*Attorneys for Great Divide Insurance Company*

By: /s/ Rebecca J. Hozubin
    Rebecca J. Hozubin
    711 M Street, Suite 2
    Anchorage, AK 99501
    907-276-5297 - Telephone
    907-276-5291 - Facsimile
    rebecca@akdefenselaw.com
    Alaska Bar No. 9806016

*Great Divide Insurance Company v. Sound Development et al.*
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
3:17-cv-00103-TMB
Page 22

Case 3:17-cv-00103-TMB   Document 12   Filed 06/30/17   Page 22 of 23

CERTIFICATE OF SERVICE
This is to certify that the aforementioned
was served electronically via EM/ECF on
the 30th day of June 2017 on the following:

James K. Wilkens, Esq.
Bliss Wilkens
310 K Street, Suite 200
Anchorage, AK 99501
jkw@blisswilkens.com
[Attorneys for Defendant City and Borough of Sitka]

Michael Cohn, Esq.
Weidner & Associates, APC
943 West 6th Avenue, Suite 300
Anchorage, AK 99501
phillipweidner@weidnerjustice.com
[Attorneys for Defendant Andrew Friske]
[Attorneys for Defendant Rebecca Friske]
[Attorneys for Defendant Kori Lindstrom]
[Attorneys for Defendant Guillermo Diaz]
[Attorneys for Defendant Guadalupe Diaz]
[Attorneys for Defendant Kori Lindstrom as P/R to Estate of Elmer Diaz]
[Attorneys for Defendant Kori Lindstrom as P/R to Estate of Ulises Diaz]

Raymond H. Royce III, Esq.
Taylor B. McMahon, Esq.
Law Offices of Royce & Brain
1407 West Thirty-First Avenue, 7th Floor
Anchorage, AK 99503-3678
rroyce@roycebrain.com
tmcmahon@roycebrain.com
[Attorneys for Defendant Christine McGraw]


HOZUBIN, MOBERLY, LYNCH & ASSOCIATES

By:  s/ Rebecca J. Hozubin
4824.34/Court Docs/DJA First Am. Complaint