MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

<u>GREAT DIVIDE INSURANCE CO.</u> v. <u>SOUND DEVELOPMENT LLC, et al</u>

Case No. <u>3:17-cv-00103-TMB</u>

THE HONORABLE TIMOTHY M. BURGESS

DEPUTY CLERK: <u>Robin Carter</u>

PROCEEDINGS: **ORDER FROM CHAMBERS**           DATE: November 3, 2017

<u>INITIAL CASE STATUS REPORT / CASE SCHEDULING & PLANNING</u>

Pursuant to Rules 16(b) and 26(f), Federal Rules of Civil Procedure, and Local Rule 16.1, counsel for all parties must meet within 21 days from service of this order for purposes of jointly completing a scheduling and planning report. The report must conform to Local Form 26(f), a copy of which is attached. Local Form 26(f) in Microsoft Word format is available on the Court's public website (see "Forms" tab, then "Local Forms"): <u>http://www.akd.uscourts.gov</u>.

Within 28 days from service of this order, counsel for plaintiff shall serve and file the parties' report with the Court.

In the event the parties to this case are already actively engaged in settlement negotiations, counsel for plaintiff shall so advise the court within 7 days following the entry of this order, and shall specify the date by which the parties expect to conclude their settlement negotiations.

(Attorney's name)
(Firm name)
(Street address)
(City, State, zip code)
(Telephone)
(Facsimile)
(e-mail address)

Attorney for (Party's name)

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br>Defendant(s). | Case No.<br><br>**SCHEDULING AND PLANNING CONFERENCE REPORT** |

I. **Meeting**. In accordance with Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on (date) and was attended by:

(Insert attorney's names and parties represented).

As a result of that meeting, the parties recommend the following:

II. **Disclosures**. The information required by Fed. R. Civ. P. 26(a)(1):

    A.    \_\_ Has been exchanged by the parties.

    B.    \_\_ Will be exchanged by the parties on or before (Date).

    C.    Preliminary witness lists:

        1.    \_\_ Have been exchanged by the parties.

        2.    \_\_ Will be exchanged by the parties on or before (Date).

III. **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court: (insert issues)

IV. **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.

  A. The parties expect that discovery will be needed on the following issues: (insert discovery issues)

  B. Are the issues about preserving discovery information? __ Yes __ No

  C. Disclosure or discovery of electronically stored information should be handled as follows:  (Description of parties proposal)

  D. Claims of privilege or of protection of trial preparation materials.

    1. __ There is no indication that this will be an issue

    2. __ The parties have entered into a confidentiality agreement.

    3. __ The parties will submit their proposed confidentiality agreement on or before:  (Date)

  E. Expert witnesses shall be identified by each party on or before _____.  Expert disclosures in accordance with Rule 26(a)(2) shall be made:

    1. __ By all parties on or before:  (Date)

    2. __ By plaintiff(s) on or before:  (Date)

    3. __ By defendant(s) on or before:  (Date)

    4. __ Rebuttal reports on or before:  (Date)

  F. Supplementation of disclosures and discovery responses under Fed. R. Civ. P. 26(e):

    1. __ At intervals of (Number) days; and final supplements will be served and filed 60 days before the close of fact discovery.

    2. __ As new information is acquired, but not later than 60 days before the close of fact discovery.

  G. A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial will be served and filed:  (Date).[1]

  H. Time for completing discovery:

    1. __ Fact discovery will be completed on or before:  (Date);

    2. __ Expert discovery will be completed on or before:  (Date);

---

[1] This date may be more than but not less than 45 days <u>prior to</u> the close of discovery.  Only those witnesses disclosed at this time will be permitted to testify at trial.

        3.    __ All discovery will be completed on or before: (Date).

  I.    Limitations on discovery.

        1.    __ The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below.

        2.    __ The maximum number of depositions by each party will not exceed (Number).

            (a)    Depositions will not exceed (Number) hours as to any deponent.

            (b)    Depositions will not exceed (Number) hours as to non-party deponents.

            (c)    Depositions will not exceed (Number) hours as to party deponents.[2]

        3.    __ The maximum number of interrogatories posed by each party will not exceed (Number).

        4.    __ The maximum number of requests for admissions posed by each party will not exceed (Number).

        5.    __ Other limitations: (insert other limitations)

V.    **Pretrial Motions**.

    A.    __ Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation (*see* D. Ak. L.R. 16.1(c)(5)) that should be filed within 60 days. __ Yes    __ No    (If yes, explain)
(Explanation)

    B.    __ Motions subject to D. Ak. L.R. 16.1(c)(6)-(8) and Fed. R. Civ. P. 56(b);

        1.    __ Will be served and filed within the times specified in the applicable rules.

        2.    __ Motions to amend pleadings or add parties will be filed not later than (Date).

---

[2] Unless otherwise specified, the court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation applicable to party depositions.

3. \_\_ Motions under the discovery rules will be filed not later than (Date).
4. \_\_ Motions *in limine* will be filed not later than (Date).
5. \_\_ Dispositive motions (including motions for summary judgment) will be filed not later than (Date).

VI. **Other Provisions.**

A. The parties \_\_ do \_\_ do not request a conference with the court before the entry of a scheduling order. (If the parties *do* request a conference prior to entry of the order, please explain):
(Explanation)

B. The parties \_\_ do \_\_ do not consent to trial before a magistrate judge.

C. The disclosure <u>requirements</u> of Fed. R. Civ. P. 7.1, if applicable:
1. \_\_ Have complied with.
2. \_\_ Compliance will be accomplished on or before (Date).

D. Early settlement/alternative dispute resolution.
1. \_\_ Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution? \_\_ Yes \_\_ No
2. \_\_ Do the parties wish to consider private mediation or settlement conference with a judicial officer of this court at a later date? \_\_ Yes \_\_ No.

E. The scheduling order will make provision of pretrial conferences, certification of the case as ready for trial, and a final pretrial order.

VII. **Trial**.

A. The case is expected to take (Number) \_\_ days to try.
B. 1. A jury trial has been demanded? \_\_ Yes \_\_ No.
2. The right to a jury trial \_\_ is \_\_ is not disputed.

VIII. **Report Form**.

A. Have counsel experienced any problem(s) in using this form? \_\_ Yes \_\_ No. If yes, explain (Explanation).

B. Are there subjects that counsel would like to see added to this form? \_\_ Yes \_\_ No. If Yes, explain (Explanation).

Dated:

                                                        (Signature block(s) for plaintiff's attorney)
                                                        (Signature block(s) for defendant's attorney)